UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JOHN D. WHITE,

   Plaintiff,

v.                                   No. 4:24-cv-00427-P

DEE ANN MILLS ET AL.,

   Defendants.

## ORDER

Before the Court are the United States Magistrate Judge's Findings, Conclusions, and Recommendations ("FCR") and the parties' objections. ECF Nos. 14, 16–17. After reviewing the FCR de novo, the Court **SUSTAINS** the parties' objections in part and **OVERRULES** them in part.

Ultimately, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 6) as to White's claims against Defendants in their individual capacities and his substantive due process claim and **DENIES** the Motion in all other respects.

## BACKGROUND

Until 2023, White taught English and coached debate at Brock High School, where Defendants are administrators. ECF No. 14 at 2. After resigning for personal reasons, White continued interacting with Brock High students and coaches. *Id.* Defendants, alleging concerns about the propriety of some of those interactions, sent a reprimanding letter to White. *Id.* at 2–3. The letter admonished White not to enter district property unless he "ha[d] an educational need to be there." *Id.* at 3. White responded to Defendants, complaining of "factual flaws in the letter" and demanding a public retraction of the letter's claims. *Id.*

White filed this action on May 10, 2024. ECF No. 1. White seeks injunctive relief and monetary damages under 42 U.S.C. § 1983 for violation of his constitutional rights to free speech, equal protection, and

procedural and substantive due process. *Id.* at 4. Because White appeared pro se, his case was referred to a Magistrate Judge for pretrial management. N.D. Tex. Special Order 3–251 (Mar. 8, 2006). Defendants moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim. ECF No. 6 (the "Motion"). The Magistrate Judge issued Findings, Conclusions, and Recommendations ("FCR") on the Motion. ECF No. 14. Both Plaintiff and Defendants timely objected to the FCR. ECF Nos. 16 & 17. The Court now reviews the matter de novo.

## LEGAL STANDARD

A Magistrate Judge's findings, conclusions, and recommendations for a dispositive matter are reviewed de novo if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings in whole or in part. *Id.*

## ANALYSIS

### A. Review of Magistrate Judge's Recommendation

Except as otherwise noted, the Court adopts and accepts the reasoning in the Magistrate Judge's FCR and reviews the parties' objections in the order they were raised.

### B. Defendants' Objections

#### 1. Ambiguity of Plaintiff's Complaint

Defendants object that the FCR recommends not to dismiss "any of Plaintiff's other ambiguous claims and allegations that Plaintiff abandoned via his letter to the Magistrate on the day of the hearing[.]" ECF No. 16 at 4. After the Court asked White to clarify the causes of action in his complaint, he submitted a written response culling his complaint to three § 1983 claims for violations of the following rights: "(1) Fourteenth Amendment right to procedural and substantive due process; (2) First Amendment right to expressive speech and association; and (3) Fourteenth Amendment right to equal protection under the law on the basis of gender and age, and, alternatively, as a class of one." ECF No. 14 at 1–2. Having made that representation to the Court, White would be judicially estopped from ever arguing that his live complaint states any other claims. **OVERRULED**.

### 2. Claims Against Defendants in Their Official Capacities

Defendants object to the recommendation to deny the Motion as to White's First Amendment and due process claims against them in their official capacities. ECF No. 16 at 4. That objection is threefold: Defendants argue (a) that the FCR misinterprets their Motion as only addressing White's equal protection claim; (b) that White has not alleged an official policy behind the alleged violations; and (c) that White's § 1983 claims fail to allege violations of constitutional rights. *Id.* at 4–7.

*First*, the Court agrees that Defendants argued in their Motion that "all of Plaintiff's Section 1983 claims fail." ECF No. 6 at 5. The Court agrees that the Magistrate Judge erred in construing the Motion as targeting White's equal protection claim only. The Court will therefore also consider Defendants' arguments for dismissing White's due process and free speech claims. Defendants' objection is **SUSTAINED** as to the FCR's interpretation of the Motion.

*Second*, White sufficiently alleged that Defendants are policymakers for Brock ISD. That allegation meets the requirement that suits against city officials plead an official policy driving the alleged violation. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978).

Under *Monell*, a plaintiff cannot state a claim against city officials for constitutional violations without alleging an official policy or custom driving the violation. *Id.* That is because § 1983 imposes liability only on persons who deprive plaintiffs of constitutional rights "under color of any law, statute, ordinance, regulation, custom, or usage of any State[.]" 42 U.S.C. § 1983. A plaintiff can plead an official policy or custom either by alleging a pattern of conduct or by alleging that a "final policymaker" took a single unconstitutional action. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010).

White alleged in his complaint that Defendants were policymakers of Brock ISD. ECF No. 1 at 2, 41–42. Defendants counter that White did not adequately plead an official policy because elsewhere he alleges that Defendants *violated* Brock ISD policy. ECF No. 16 at 6–7. True, White's claim that Defendants violated district policy does not entitle him to relief. But nor does it contradict his prior allegations that Defendants acted as policymakers in some respects. At this stage, those allegations are enough. **OVERRULED**.

*Third*, Defendants argue that White did not plead facts showing a violation of constitutional rights. ECF No. 16 at 6. As to White's substantive due process claim, Defendants are right. As to procedural due process and free speech, White is.

White fails to allege a substantive due process violation. White argues he "had a fundamental liberty interest in his right to associate with his former students to enhance and promote their shared interest in the academic pursuit of debate competition." ECF No. 1 at 44. He also says he had a constitutional "right to attend the state Lincoln–Douglas debate tournament and support his former students at that tournament and in future tournaments." *Id.* Wrong. The Supreme Court has found in the Due Process Clause an implicit guarantee of certain substantive liberties. *Reno v. Flores*, 507 U.S. 292, 301–02 (1993). Those liberties include the right to privacy, the right to family integrity, and the right to marry. *Griswold v. Connecticut*, 381 U.S. 479 (1965); *Moore v. City of E. Cleveland, Ohio* 431 U.S. 494 (1977); *Loving v. Virginia*, 388 U.S. 1 (1967). As of the date of this Order, the right to work on interscholastic debate competitions with former students has not made the list. This Court declines to make the requested addition. **SUSTAINED**.

White does, however, properly plead a *procedural* due process violation.

Before a state actor can do anything that puts a person's reputation at stake, that person has a constitutional right to due process. *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971). But such state action only triggers a right to due process if it "alter[s] or extinguish[es]" a "right or status previously recognized by state law." *Paul v. Davis*, 424 U.S. 693,

711 (1976). Caselaw refers to this test as "stigma-plus." *Phillips v. Vandygriff*, 711 F.2d 1217, 1221 (5th Cir. 1983). The test requires the stigma to arise from a "concrete, false factual representations or assertions, by a state actor, of wrongdoing on the part of the claimant." *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 701 (5th Cir. 1991). As for the infringed right, it does not have to be a constitutional right—it could be as simple as the right to purchase alcohol or pursue employment. *Constantineau*, 400 U.S. at 435; *Phillips*, 711 F.2d at 1222.

White's complaint passes the stigma-plus test at this stage. He alleges that Defendants' letter made concrete, false assertions of wrongdoing against him. Defendants' letter claimed that he:

- "Responded to the judges [sic] table when a Brock ISD coach was requested for rule clarification when [he was] not a Brock UIL coach or employee"
- "Singled out a female student and escorted her away from the group so [he] could talk about personal matters for more than forty-five minutes"
- "Informed Brock ISD coaches [he was] planning to take a female student out to eat in [his] personal vehicle without prior parent or coach permission"
- "Invited all students to leave in [his] personal vehicle to purchase snacks"
- "Made the comment to Brock ISD students, 'My wife wants to know why my best friends are teenage girls.'"
- "Invited Brock ISD students into a private group text message chat"

ECF No. 1 at 50–80. Those claims are all concrete factual statements, and White says they are all false. *Id.* White's complaint also includes the required "plus" factor. White says the letter barred him from being present at school-sponsored events and required him to disclose its existence if future employers asked him about past accusations of misconduct. *Id.* at 38, 53. Those deprivations are enough to pass the stigma-plus test under circuit precedent. White has therefore pleaded a facially valid claim for denial of due process. **OVERRULED**.

White also states a claim for a violation of his free-speech rights. Defendants argue that White's "entire case hinges on whether he has a constitutional right to be on school property or to be at school-sponsored events without permission or a valid educational reason to be there." ECF No. 16 at 6. But White's First Amendment claim covers more than just school-sponsored activities. ECF No. 8 at 16. As Defendants' letter admits, "all of these events did not take place on [sic] Brock ISD." ECF No. 1 at 25. Although school districts have "leeway" regarding the First Amendment, that leeway is diminished for off-campus speech. *Mahanoy Area Sch. Dist. v. B.L.*, 594 U.S. 180, 189 (2021). The Supreme Court has not specified exactly when and where teachers and students enjoy full First Amendment protection. *See* Andrew Boone, *Off-Campus Speech and the Basis of Public-School Authority in* Mahanoy v. B.L., 74 BAYLOR L. REV. 716 (2022). But one fact in this case simplifies the issue: White was not a student or an employee of Brock ISD when he was reprimanded. ECF No. 1 at 52. Because White was acting as a member of the public, any First Amendment "leeway" Brock ISD might have had did not extend to him. **OVERRULED**.

3. <u>Standing</u>

White has standing to bring his claims. He alleges that he was barred from school board meetings and that his medical conditions were exacerbated by Defendants' actions. ECF No. 1 at 39. He also alleges that he was denied his constitutional rights. *See generally* ECF No. 1. Defendants disagree with White's interpretation of the letter. ECF No. 16 at 7–8. But at this stage, the Court accepts the facts as White pleaded them. *See Kaiser Aluminum & Chem Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). **OVERRULED**.

4. <u>Factual Findings and Legal Conclusions Based Upon Allegations</u>

Defendants' catch-all objection is **OVERRULED**.

### C. Plaintiff's Objections

White makes two objections. ECF No. 17. He objects to the Magistrate Judge's conclusion that Defendants are entitled to qualified immunity (*Id.* at 2–7) and the recommendation that his equal protection claim be dismissed (*Id.* at 8–10).

1. <u>Qualified Immunity</u>

The Magistrate Judge correctly concluded that Defendants are entitled to qualified immunity. ECF No. 14 at 19. Qualified immunity protects government officials from civil damages liability unless their conduct violates clearly established rights. As the FCR explains, the law places the burden on White to identify a case that clearly establishes his allegedly violated right. *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2023). A case that defines the law at a high level of generality is not enough. *Id.*

But that kind of case is all White has produced, despite ample opportunity to do more. White's complaint cited *Netflix, Inc. v. Babin* as an analogous case. 641 F. Supp. 3d 319 (E.D. Tex. 2022), *aff'd*, 88 F.4th 1080 (5th Cir. 2023). In *Babin*, Netflix obtained an injunction against prosecutors who brought bad-faith charges of promoting child pornography based on the film *Cuties*, which featured preteen dancers. *Id.* Finding *Babin* inapposite, the Magistrate Judge asked White to point to other cases showing that Defendants violated clearly established law. ECF No. 10. At the hearing, White was unable to cite any. ECF No. 14 at 18. In his objections to the FCR, White still only cites *Babin*. ECF No. 17.

White's latest arguments for the applicability of *Babin* fall short.

*First*, White draws a comparison between the finding of "bad faith" in *Babin* with language from a guide published by the Attorney General of Texas requiring reports of child abuse or neglect to be made in "good faith." *Id.* at 5. Setting aside the fact that White does not allege he was reported for child abuse, statements by the Texas Attorney General are irrelevant to White's § 1983 claims, which seek relief for violations of *federal* rights. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.

7

1998). *Second*, White attempts to analogize the prosecutions in *Babin* to Defendants' litigation conduct. ECF No. 17 at 5. But White is not suing Defendants for their litigation conduct, so that comparison is irrelevant. *Third*, White points out that he, like Netflix in *Babin*, seeks injunctive relief from ongoing harm to his reputation. *Id.* at 6. Viewed with that degree of generality, just about any case would be analogous to any set of facts. In short, the Court finds nothing in common between White's interactions with his students and Netflix's prosecution for streaming *Cuties* (a conclusion for which Mr. White should be grateful).

Nor is this a so-called "obvious case" in which a right is clearly established in the absence of an analogous case. While White is correct that Supreme Court caselaw "does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question *beyond debate*." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (emphasis added). By no means are the questions presented here beyond debate. This is not a case in which "welfare officials [sold] foster children into slavery" or prison officials "handcuffed [an inmate] to a hitching post to sanction him for disruptive conduct." *United States v. Lanier*, 520 U.S. 259 (1997); *Hope v. Pelzer*, 536 U.S. 730, 733 (2002). This is a case in which school superintendents reprimanded a former teacher. The fact that White could only provide the Court with *Babin*—a case with just about nothing in common with this one—says it all. Defendants are entitled to qualified immunity. **OVERRULED**.

   2. Leave to Replead Equal Protection Claim

White asks the Court for leave to amend his equal protection claim. The FCR explained that, "[h]ad Mr. White provided an example showing that a female member of the public or another former teacher was treated differently than he was despite the similar facts, then he may have met his burden." ECF No. 14 at 15. White says he can. ECF No. 17 at 10. Specifically, White says he can add allegations that a female athletic trainer, not employed by Brock ISD, is permitted to coach students in private. *Id.* Giving White the benefit of the doubt, the Court finds it plausible that amendment on this point would be fruitful. The

8

Court **GRANTS** White leave to amend his complaint to add allegations of a similarly situated person who was treated differently.

## CONCLUSION

After reviewing the Motion de novo, the Court **SUSTAINS** Defendants' objections as to the scope of their Motion and as to White's substantive due process claim. The Court likewise **SUSTAINS** White's objection requesting leave to amend. The Court **OVERRULES** the parties' remaining objections and in all other respects adopts the findings, conclusions, and recommendations of the Magistrate Judge (ECF No. 14).

White's substantive due process claims and his claims for damages against Defendants in their individual capacities are **DISMISSED with prejudice**. The Court **GRANTS** White leave to amend his complaint as to similarly situated persons.[1] Defendants' Motion to Dismiss (ECF No. 6) is otherwise **DENIED**.

**SO ORDERED** on this **1st day** of **October 2024.**

_Mark T. Pittman_
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[1] The Court recommends, but does not require, that White remove the ambiguous parts of his complaint when he amends it.

9